IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| CHRISTOPHER M. KNOTT, | § | |
| | § | |
| *Plaintiff,* | § | CIVIL ACTION NO. 2:22-cv-00313-JRG-RSP |
| | § | |
| v. | § | |
| | § | |
| COMPLETION EQUIPMENT RENTAL, INC., | § | |
| | § | |
| *Defendant.* | § | |

**REPORT & RECOMMENDATION**

Before the Court is the Motion to Dismiss for Improper Venue, or, in the Alternative to Transfer Venue Under 28 U.S.C. § 1404(a) filed by Defendant Completion Rental Equipment, Inc. **Dkt. No. 17**; Dkt. No. 19 (reply in support). Plaintiff Christopher Knott opposed the motion by filing a response. Dkt. No. 18. For the following reasons, the motion should be **DENIED**.

## I.   LEGAL STANDARD

### A.   Venue

Under federal law, 28 U.S.C. § 1400(b) is the "sole and exclusive provision controlling venue in patent infringement actions" and is not supplemented by the general venue statutes. *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 581 U.S. 258, 266 (2017) (citing *Fourco Glass Co. v. Transmirra Prod. Corp.*, 353 U.S. 222, 229 (1957)). Pursuant to 28 U.S.C. § 1400(b), venue lies "in the judicial district where the defendant resides" or "where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b).

Three elements must be met in order to establish that a defendant has a regular and established place of business in the district: (1) there must be a physical place in the district; (2) it must be a regular and established place of business; and (3) it must be a place of the defendant. *In*

*re: Cray Inc.*, 871 F.3d 1355, 1360 (Fed. Cir. 2017).

When challenged, the plaintiff has the burden of establishing that venue is proper under 28 U.S.C. §1400(b). *In re: ZTE (USA) Inc.,* 890 F.3d 1008, 1013–14 (Fed. Cir. 2018). "A court may decide whether venue is improper based upon (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *AGIS Software v. T-Mobile USA Inc.*, No. 2:21-cv-72-JRG-RSP, 2021 WL 6616856, at *1 (E.D. Tex. Nov. 10, 2021) (quoting *Ambraco, Inc. v. Bossclip B.V.*, 570 F.3d 233, 238 (5th Cir. 2009)), *R&R adopted*, 2022 WL 178804 (E.D. Tex. Jan. 19, 2022).

### B. Transfer

A federal district court may transfer a case "for the convenience of parties and witnesses" to "any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Section 1404(a)'s threshold inquiry is whether the case could initially have been brought in the proposed transferee forum. *In re Volkswagen AG*, 371 F.3d 201, 202-03 (5th Cir. 2004) ("*Volkswagen I*"). The question of whether a suit "might have been brought" in the transferee forum encompasses subject matter jurisdiction, personal jurisdiction, and propriety of venue. *Id.* at 203. Only if this statutory requirement is met should the Court determine whether convenience warrants a transfer of the case. See *Id.*; *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 312 (5th Cir. 2008) ("*Volkswagen II*"). The burden to prove that a case could have been brought in the transferee forum falls on the party seeking transfer. See *Volkswagen II*, 545 F.3d at 315; *Humble Oil & Ref. Co. v. Bell Marine Serv., Inc.*, 321 F.2d 53, 56 (5th Cir. 1963). Once the moving party has established that the instant case could have been brought in the transferee forum, the Court moves on to consider the private and public factors provided in *Volkswagen I*.

2

The private interest factors are "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Volkswagen II*, 545 F.3d at 315 (quoting *Volkswagen I,* 371 F.3d at 203). The public interest factors are "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *Id.* (quoting *Volkswagen I*, 371 F.3d at 203) (alterations in original). The factors are neither exclusive nor exhaustive, and no one factor is dispositive. *Id.*

The burden to prove that a case should be transferred for convenience falls squarely on the moving party. *Id.* Although the plaintiff's choice of forum is not a separate factor, respect for the plaintiff's choice of forum is encompassed in the movant's elevated burden to "clearly demonstrate" that the proposed transferee forum is "clearly more convenient" than the forum in which the case was filed. *Id.* at 314-15; *In re Apple Inc.*, 979 F.3d 1332, 1338 (Fed. Cir. 2020) (applying Fifth Circuit law). While "clearly more convenient" is not necessarily equivalent to "clear and convincing," the moving party "must show materially more than a mere preponderance of convenience, lest the standard have no real or practical meaning." *Quest NetTech Corp. v. Apple, Inc.*, No. 2:19-cv-118, 2019 WL 6344267, at *7 (E.D. Tex. Nov. 27, 2019). In considering a transfer under § 1404(a), the Court may consider undisputed facts outside of the pleadings but must draw all reasonable inferences and resolve factual disputes in favor of the non-movant. See *Vocalife LLC v. Amazon.com, Inc.*, No. 2:19-cv-00123, 2019 U.S. Dist. LEXIS 205696, 2019 WL 6345191, at *2 (E.D. Tex. Nov. 27, 2019); *cf. Trois v. Apple Tree Auction Cent. Inc.*, 882 F.3d

3

485, 492-93 (5th Cir. 2018) (reviewing a transfer under § 1406); *Ambraco, Inc. v. Bossclip B.V.*, 570 F.3d 233, 238 (5th Cir. 2009) (reviewing enforcement of a forum-selection clause).

A case may also be transferred under § 1404(a) if there is an applicable forum selection clause. *Atl. Marine Constr. Co., Inc. v. U.S. Dist. Court for the W. Dist. of Tex.*, 571 U.S. 49, 52 (2013). If a party files such a motion to transfer, then "proper application of § 1404(a) requires that a forum-selection clause be 'given controlling weight in all but the most exceptional cases.'" *Id*. To determine whether transfer pursuant to a forum-selection clause is appropriate, courts follow a two-step analysis.

The court first determines if the forum selection clause governs the dispute. *See Gen. Protecth Grp., Inc. v. Leviton Mfg. Co.*, 651 F.3d 1355, 1359 (Fed. Cir. 2011). In patent cases, the applicability of a forum selection clause often arises when a defendant asserts a defense based on a license agreement. *See, e.g., Zix Corp. v. Echoworx Corp.*, No. 2:15-cv-01272-JRG, 2016 WL 7042221 (E.D. Tex. June 9, 2016). The Federal Circuit has held that a forum selection clause applies if the nexus between the case and the agreement at issue is "non-frivolous." *Gen. Protecth Grp*, 651 F.3d at 1359. A bare allegation that a license provides a defense to the claims in suit fails to meet this standard and will not trigger a forum selection clause. In *Zix*, this Court examined the continuum existing between a wholly frivolous assertion of a license defense and a conclusive showing of success on the merits to find the "attachment point" at which the asserted defense becomes "non-frivolous." *Zix*, 2016 WL 7042221 at *3. The Court concluded that the elusive attachment point is "almost assuredly . . . found before we reach the mid-point of the spectrum" and that it is probably "found nearer the one-quarter marker." *Id*.

If the Court finds that the parties' dispute triggers a valid forum selection clause, then the Court "should ordinarily transfer the case to the forum specified in that clause [unless there are]

4

. . . extraordinary circumstances unrelated to the convenience of the parties" that disfavor transfer. *Atl. Marine*, 571 U.S. at 62. "[T]his requires district courts to adjust their usual § 1404(a) analysis in three ways." *Id*. at 63. "First, the plaintiff's choice of forum merits no weight" and "the plaintiff bears the burden of establishing that transfer to the forum for which the parties bargained is unwarranted." *Id*. Second, the Court "should not consider arguments about the parties' private interests" and "may consider arguments about public-interest factors only." *Id*. at 64. The Court should also assess these factors based on "the situation which existed when suit was instituted." *Hoffman v. Blaski*, 363 U.S. 335, 343 (1960); *accord In re EMC Corp*., 501 F. App'x 973, 976 (Fed. Cir. 2013). Finally, when a forum selection clause controls, "a § 1404(a) transfer of venue will not carry with it the original venue's choice-of-law rules—a factor that in some circumstances may affect public-interest considerations." *Atl. Marine*, 571 U.S. at 64.

## II. ANALYSIS

### A. Dismissal for Improper Venue

Defendant asserts that venue within the Eastern District of Texas is improper due to not having a regular and established place of business in the District.[1] Dkt. No. 17. Plaintiff responds that while Defendant does not currently have a regular and established place of business in this District, the Defendant did have one in Kilgore, TX when the lawsuit was filed. Dkt. No. 18 at 8–9. Plaintiff points to records from the Gregg County Tax Collector-Assessor, admissions from Defendant that the facility was not closed until after the filing of the instant suit, and presence of equipment and employees at the now closed Kilgore location. Dkt. No. 18 at 8–9, 9 n.2; *see* Dkt. Nos. 18-18, 18-19, 18-20. Defendant in reply maintains that the Kilgore location is not currently

---

[1] Defendant originally asserted that acts of infringement also had not occurred within the district, however in reply concedes that a use of the accused product had occurred within the district. *See* Dkt. No. 19 at 3; Dkt. No. 19-1 at 2. Accordingly, the only remaining consideration for the Court is whether the second prong of regular and established place of business is met.

5

in use, and that the location was merely a storage facility and not a "steady, uniform, orderly, and methodical" use as to make the location a "regular" place of business. Dkt. No. 19 at 1–2.

Weighing the evidence in favor of Plaintiff and finding that Defendant does not persuasively contest the regular place of business prong, the Court finds that venue is proper within the Eastern District of Texas. The relevant timing for determining place of business is when the suit was filed, which both sides agree was a time when Defendant had a location in this district in Kilgore, TX. A single declaration that the facility was only used for storage at the time the suit was filed is not enough to overcome Plaintiff's evidence at the pleadings stage. *See* Dkt. No. 19-1 at 3. Accordingly, the Court recommends that Defendant's primary request for dismissal be **DENIED**.

### B. Alternative Request for Transfer

Having determined that venue is proper pursuant to § 1400(b), the Court now turns to the private and public factors to evaluate the alternative request for transfer pursuant to 28 U.S.C. § 1404(a). Defendant seeks transfer to the Western District of Texas – San Antonio Division. Dkt. No. 17 at 3.

#### 1. Private Interest Factors

##### i. Ease of Access to Sources of Proof

The "relative ease of access to sources of proof" factor concerns "documents and other physical evidence." *Apple*, 979 F.3d at 1339. "The location of evidence bears much more strongly on the transfer analysis when, as in *Volkswagen*, the evidence is physical in nature." *In re Planned Parenthood Fed'n of Am., Inc.*, 52 F.4th 625, 630 (5th Cir. 2022) (citing *Volkswagen II*, 545 F.3d at 316–17). The Federal Circuit has directed the Court to consider "the location of document custodians and location where documents are created and maintained" when documents are in

6

electronic format or available via the cloud. *In re Google LLC*, No. 2021-178, 2021 WL 5292267, at *2 (Fed. Cir. Nov. 15, 2021). Reconciling both approaches to documentary evidence, the Court finds that physical evidence weighs in favor of its venue location, weighs identified document custodians and the creation and maintenance of documents in favor of the holding venue, and otherwise finds electronic evidence neutral.

Defendant asserts that its documents and physical evidence are in and around San Antonio. Dkt. No. 17 at 3. Defendant does not provide specifics outside of this assertion, rather choosing to cite to a declaration that does not contain any statements as to documentary evidence. *See* Dkt. No. 17 at 3 (citing Dkt. No. 17-2); Dkt. No. 17-2 ¶¶ 11, 12. Headquarters location alone would weigh in favor of transfer for this factor. Plaintiff responds that transfer would only shift any inconvenience as to documentary evidence. Dkt. No. 18 at 16. The Court finds that this factor weighs only slightly in favor of transfer.

### ii. *Availability of Compulsory Process to Secure Attendance of Witnesses*

The availability of process factor addresses the Court's ability to secure the attendance of non-party witnesses. "When there is no indication that a non-party witness is willing, the witness is presumed to be unwilling." *In re HP Inc.*, No. 2018-149, 2018 WL 4692486, at *3 n. 1 (Fed. Cir. Sept. 25, 2018) (citing *AGIS Software Dev. LLC v. Huawei Device USA Inc.*, No. 2:17-cv-00513, 2018 WL 2329752, at *6 (E.D. Tex. May 23, 2018)). Thus, this factor hinges upon the inherent limits of this Court's and Western District's subpoena power over identified third-party entities.

> A subpoena may command a person to attend a trial… only as follows: (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person … (ii) is commanded to attend a trial and

7

would not incur substantial expense.

Fed. R. Civ. Proc. 45(c)(1)(A) & (B)(ii).

Defendant asserts that since neither party has identified witnesses who would be subject to subpoena within the Eastern District this factor weighs in favor of transfer. Dkt. No. 17 at 4. Defendant however does not identify any non-willing witnesses in the Western District. *Id.* Plaintiff responds that several former employees of Defendant reside within the subpoena power of this District. Dkt. No. 18 at 17. Defendant replies that Plaintiff has not provided the witnesses in disclosures and has not demonstrated that the witnesses are unwilling. Dkt. No. 19 at 4. The Court finds that Defendant has not met their burden for this factor and finds that this factor weighs slightly against transfer.

### iii.   Cost of Attendance for Willing Witnesses

The convenience of willing witnesses considers both party witnesses and willing third-party witnesses. Where the distance between two districts exceeds 100 miles, "the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled." *Volkswagen I*, 371 F.3d at 204-05. Plaintiff asserts that party witnesses must be specifically identified to weigh in favor of this factor, however the Federal Circuit has demonstrated that all alleged party witnesses must be considered. *Genentech*, 566 F.3d 1338, 1333-34 (Fed. Cir. 2009).

Defendant asserts that San Antonio would be more convenient for both parties due to travel distances and availability of air travel options in San Antonio. Dkt. No. 17 at 4. The Court finds that the inconvenience to either party is negligible given the relative closeness of the two districts, which border each other. Regarding Defendant's assertion about difference in travel for Plaintiff's witnesses, while it may be slightly more inconvenient for Plaintiff's witnesses to travel to

8

Marshall, TX, that is a choice Plaintiff is free to make. The Court finds that the factor is neutral, as transfer would only shift the inconvenience from the Defendant to Plaintiff.

### iv. All Other Practical Problems

The fourth private interest factor addresses concerns rationally based on judicial economy. *Quest NetTech Corp. v. Apple, Inc.*, No. 2:19-cv-118, 2019 WL 6344267, at *6 (E.D. Tex. Nov. 27, 2019); *see also Vistaprint*, 628 F.3d at 1346. Defendant asserts in passing that litigation within this District would be more expensive. Dkt. No. 17 at 5. Seemingly, this argument is only grounded in the assertion that the litigation is not connected to the Eastern District. Having found the opposite above and considering the lack of support for the expense assertion, the Court finds that this factor does not favor transfer.

### 2. Public Interest Factors

In considering court congestion arguments, deference is given to the district court's assessment of the average time to trial data. *In re Google LLC*, 58 F.4th 1379, 1384 (Fed. Cir. Feb. 1, 2023) (citing *Planned Parenthood*, 52 F.4th at 631; *In re Genentech, Inc.*, 566 F.3d 1338, 1347 (Fed. Cir. 2009)) ("We do not disturb the district court's suggestion that it could dispose of the case more quickly than if the case was transferred to the Northern District of California."). Where the record does not indicate any further basis to comparatively evaluate court efficiencies, the analysis is speculative and neutral. *Id.* (citing *Genentech*, 566 F.3d at 1347).

The local interest factor "most notably regards not merely the parties' significant connections to each forum writ large, but rather the 'significant connections between a particular venue and the events that gave rise to a suit.'" *In re Apple*, 979 F.3d at 1345 (quoting *In re Acer Am. Corp.*, 626 F.3d 1252, 1256 (Fed. Cir. 2010)).

Defendant asserts all public interest factors are neutral except for the local interest factor. Dkt. No. 17 at 5. Regarding the local interest factor, Defendant asserts that the local interest is within the Western District and favors transfer. *Id.* Defendant does not cite any authority supporting this assertion except in reply. *Id.* Plaintiff responds that trial statistics favor the Eastern District for time to trial. Dkt. No. 18 at 18–19.

Weighing both arguments, as the parties pass each other in the night, the public interest factor regarding court congestion weighs in favor of Plaintiff and the local interest factor weighs in favor of Defendant. The remaining two unaddressed public interest factors, familiarity with the law that will govern the case and the avoidance of unnecessary problems of conflict of laws, are neutral. In totality, with competing factors weighing in either direction, the public interest factors are neutral.

Having considered the private and public interest factors, the Court finds that Defendant has not shown that the Western District of Texas – San Antonio Division is clearly more convenient for trial. Accordingly, the alternative request should be **DENIED**.

### III.   CONCLUSION

A party's failure to file written objections to the findings, conclusions, and recommendations contained in this report within 14 days bars that party from *de novo* review by the District Judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. Fed. R. Civ. P. 72(b)(2); *see Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*). Any objection to this Report and

Recommendation must be filed in ECF under the event "Objection to Report and Recommendations [cv, respoth]" or it may not be considered by the District Judge.

**SIGNED this 15th day of February, 2024.**

                                                ROY S. PAYNE
                                                UNITED STATES MAGISTRATE JUDGE